IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,394-01






EX PARTE BILLY DON SMITH, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2006-1465-C2 IN THE 19TH DISTRICT COURT


FROM MCLENNAN COUNTY





 

 Per curiam.

 


O R D E R




 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated sexual assault of a child and three counts of indecency with a child. He was sentenced
to fifteen years' imprisonment on each count. The Tenth Court of Appeals affirmed his convictions.
Smith v. Texas, No. 10-07-00126-CR (Tex. App.-Waco 2008, pet. ref'd). 

 Applicant contends that the Double Jeopardy Clause was violated when he received multiple
punishments for a single offense and that trial counsel was ineffective for eliciting or failing to object
to inadmissible testimony from the complainant, her mother, Andrea Jones, and Johnny Spillman. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); North Carolina v. Pearce, 395 U.S. 711 (1969). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to what evidence was presented at trial to
support counts one and two in the indictment. It shall then make findings as to whether these counts
constituted a single offense for purposes of the Double Jeopardy Clause. It shall also make findings
as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 3, 2010

Do not publish